UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM DONNELLY, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Civil Docket No. 05-235-P-S |
| ) | |
| THE CITY OF ROCKLAND, et al., ) | |
| ) | |
|     Defendants ) | |

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

SINGAL, Chief District Judge

    Before the Court is the motion of the remaining defendants,[1] the City of Rockland, Thomas Hall and Alfred Ockenfels (together, "Defendants"), for summary judgment on all counts asserted against them in this employment action. The complaint alleges breach of contract against the City of Rockland (Count I) and unlawful retaliation under 42 U.S.C.§ 2000e-3(a) (Count II),[2] unlawful retaliation under 5 M.R.S.A. § 4633(1) and (2) (Count III), intentional infliction of emotional distress (Count IV), tortious interference with an economic relationship (Count V) and defamation (Count VI) against all three remaining defendants. (Complaint (Docket No. 1) ¶¶ 34- 62.)

    Plaintiff agrees that "Defendants Ockenfels and Hall should be dismissed as Defendants with respect to" Counts II and III, and that "the City of Rockland has absolute immunity with respect to the[] state law claims [set forth in Counts IV-VI] and [he] does not oppose summary judgment with

---

[1] The parties have stipulated to the dismissal of defendants Wallace Tower, Sgt. Jeffrey McLaughlin, Det. Sgt. James Pease and Sgt. Daniel Brown, who were named in the complaint. (Stipulation of Dismissal (Docket No. 19).)
[2] The caption of Count II suggests that it is asserted only against the City of Rockland, but the allegations of the count are asserted against at least four, if not all, of the defendants initially named. (Complaint at 8 and ¶¶ 37-41.)

1

respect to the City" on these claims. (Plaintiff's [Redacted] Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Docket No. 28) at 7, 10.)   Defendants' Motion is accordingly GRANTED as to Counts II and III insofar as they assert claims against Ockenfels and Hall and as to Counts IV-VI insofar as they assert claims against the City.

Defendants also seek summary judgment for Ockenfels on Counts IV-VI, asserting that the "Plaintiff could produce no evidence during discovery that Chief Ockenfels acted in any way toward him, or in his dealings with the MDEA, that would meet the elements of any of the claimed torts." (Defendants' [Redacted] Motion for Summary Judgment, etc. (Docket No. 20) at 19.) The plaintiff's response with respect to Ockenfels, citing evidence submitted under a consent confidentiality order (Docket No. 16), is based on factual assertions that are not supported by the summary judgment record and an argument of tortious conduct by adoption or endorsement that is not supported by the case law cited.  (Plaintiff's [Unredacted] Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Sealed Document) at 13-16.)  On the showing made, Ockenfels' motion for summary judgment on Counts IV-VI is GRANTED.

With respect to the remaining counts — Counts I-III against the City of Rockland and IV-VI against Hall — disputes of material fact remain, making summary judgment unavailable. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A "material fact" is one that "has the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).  The court views the record in the

light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. See McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995). Having reviewed the entire summary judgment record pursuant to this standard, the Court concludes that the remaining Counts survive summary judgment.

## Conclusion

Defendants' Motion for Summary Judgment (Docket No. 20) is GRANTED as to all claims asserted against defendant Ockenfels, as to Counts II and III insofar as they are asserted against defendant Hall, and as to Counts IV-VI insofar as they are asserted against the City of Rockland. In all other respects, the Motion is DENIED.

SO ORDERED.

                                                  /s/ George Z. Singal  
                                                Chief U.S. District Judge

Dated this 25th day of October, 2005.